UNITED STATES of America, Plaintiff,

v.

VALDOSTA–LOWNDES COUNTY HOSPITAL AUTHORITY,
Defendant.

Civ. A. No. 79–31–VAL.

United States District Court,
M.D. Georgia,
Valdosta Division.

Feb. 21, 1986.

Raphael O. Gomez, Judith Scolnick, Dept. of Justice, Washington, D.C., for plaintiff.

John Bennett, Valdosta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

The United States filed this action against the Hospital Authority on June 29, 1979, alleging that it is entitled to recover its proportionate share of a construction grant awarded to defendant pursuant to the Community Mental Health Centers Act, 42 U.S.C. §§ 2681–2695 (as in effect prior to July 29, 1975) for construction of a Community Mental Health Center (CMHC). In essence, the government alleges that defendant breached and violated the terms of its construction grant and the Act by ceasing to operate the facility in question as a community mental health center within twenty years after its construction.

After a trial before the Honorable J. Robert Elliott, the jury returned a verdict in favor of the Hospital Authority on October 29, 1980; and the court entered judgment in conformity therewith on October 30, 1980. The United States moved for judgment notwithstanding the verdict (filed November 12, 1980) which was denied as untimely filed on August 24, 1981. In the interim, the United States appealed the judgment of the district court to the United States Court of Appeals for the Fifth Circuit. With the creation of the United States Court of Appeals for the Eleventh Circuit in 1981, this case fell within its jurisdiction. Accordingly, the Eleventh Circuit rendered the appellate opinion in this case, *United States v. Valdosta-Lowndes County Hospital Authority*, 696 F.2d 911 (11th Cir.1983), holding that the trial court erred in denying the government's motion for a directed verdict. *Id.* at 916. The case was reversed and remanded for a new trial, *id.,* and is presently before the court on the United States' motion for summary judgment.

### The Undisputed Material Facts

1. The Hospital Authority received construction grant funds of $412,929.93 from the United States beginning in 1967 for the purpose of constructing a facility to be used as a Community Mental Health Center. Government's Exhibits 5, 6; Answer, fifth defense, paragraph 3.

2. The United States Court of Appeals for the Eleventh Circuit found as fact that "there can be no doubt that the services comprehended by the application for the grant were not provided either in or by Lowndes County-Valdosta Hospital Authority, the grantee." *Id.* at 915.

3. The Hospital Authority has not reimbursed the government its proportionate share of the construction grant funds. Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment at 9; Answer, paragraph 6.

### Conclusions of Law

■ The law of the case doctrine "invokes the rule that findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Westbrook v. Zant,* 743 F.2d 764, 768 (11th Cir.1984) (citations omitted). The doctrine "generally operates to preclude a reexamination of issues decided upon appeal ... by the district court .... In sum, 'once a case has been decided on appeal, the rule adopted is to be applied, right or wrong, absent exceptional circumstances, in the disposition of the lawsuit.' " *Id.* (citations omitted). The three narrow exceptions where the law of the case doctrine is not applied occur when "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue or (3) the previous decision was clearly erroneous and would work a manifest injustice." *Id.* at 768–769. The court concludes that none of the above exceptions apply to preclude the doctrine in the instant case. Accordingly, the Eleventh Circuit's opinion in *United States v. Lowndes County Hospital Authority,* 696 F.2d 911 (11th Cir.1983), is the law of this case and is binding upon this court.

The Eleventh Circuit found that "prior to the filing of this action the facility was no longer being used for the purpose for which it was built, *it then follows as a matter of law that the government was entitled to recover.* " *Id.* at 916 (emphasis added). The case was then "remanded to the trial court for further proceedings not inconsistent with this opinion." *Id.*

■ Summary judgment on remand is appropriate in accordance with the law as stated by the appellate court where there is no genuine issue of material fact to be tried. *See* 6–Pt. 2 J. Moore & J. Wicker, *Moore's Federal Practice* § 56.27[3] (2d ed. 1985); *United States v. United States Gypsum Co.,* 340 U.S. 76, 86, 71 S.Ct. 160, 168, 95 L.Ed. 89 (1950) (permitting a summary judgment under Rule 56 on remand). Defendant contends that summary judgment is not appropriate because the Elev-

enth Circuit improperly reviewed the sufficiency of the evidence and "overstepped its bounds by indicating the plaintiff was entitled to a directed verdict." Brief in Opposition to Plaintiff's Motion for Summary Judgment at 7. This contention is without merit as both a motion for a directed verdict and a motion for judgment notwithstanding the verdict raise the sufficiency of the evidence on appeal. *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969). In the case at bar, the government properly moved for a directed verdict. Additionally, the appellate court clearly concluded that "A party's failure to move for JNOV does not preclude appellate review of an earlier motion for a directed verdict." *Valdosta-Lowndes County Hospital Authority*, 696 F.2d at 912 (citation omitted).

The Eleventh Circuit cited the trial testimony of defendant's own officers in support of its conclusion that defendant was not providing all the essential services of a CMHC as contemplated by the Act. *Id.* at 915. The court found that it was undisputed that "the United States advanced the sum of $412,929.93" for construction of a CMHC. *Id.* at 913. The court also concluded that the statutory section in effect at the time funds were granted to the Hospital Authority "contemplate[d] that the hospital shall reimburse the government its share of the current value of the facility as represented by the proportion it paid to help build it in the first place" under circumstances similar to those existing here. *Id.* at 916. Finally, the Eleventh Circuit found that "as a matter of law the government was entitled to recover." *Id.*

### CONCLUSION

Bearing the unequivocal admonition of the appellate court in mind, the court notes that the evidence the government has produced to establish its claim of $549,413 has not been disputed by affidavit or expert deposition testimony. *See* Fed.R. Civ.P. 56(e). Furthermore, the court believes this to be an appropriate case for an award of prejudgment interest. Based on the law of the case, the United States'

motion for summary judgment is hereby GRANTED. Judgment is awarded against defendant in the amount of $549,413 and prejudgment interest is awarded on this sum at the rate established under the Contract Dispute Act, 41 U.S.C. § 611, from August 1, 1976, up to and including the date of judgment, with the rate computed every six months. Further, post judgment interest is awarded from the date of judgment to the date of final payment as provided under 28 U.S.C. § 1961.